Argued and submitted February 25, 1985; on appeal, reversed and remanded with instructions; on cross-appeal, affirmed July 16, reconsideration denied October 3, petition for review denied November 20, 1986 (302 Or 299)

HILLESLAND,
*Appellant - Cross-respondent,*

*v.*

PACCAR, INC.,
*Respondent - Cross-appellant.*

(A8303 01871; CA A32125)

722 P2d 1239

Michael T. Garone, Portland, argued the cause for appellant - cross-respondent. With him on the briefs were Jolles, Sokol & Bernstein, P. C., Portland.

Donna M. Cameron, Portland, argued the cause for respondent - cross-appellant. With her on the briefs were Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

Richardson, P. J., dissenting.

## NEWMAN, J.

Plaintiff appeals a summary judgment for defendant, her employer, in this action for sex discrimination. 42 USC §2000 *et seq* (1982); ORS 659.030.[1] When defendant terminated plaintiff's employment on November 13, 1981, as part of a general lay-off, plaintiff was pregnant. She became aware of her pregnancy a few weeks later. The baby was born more than three months after the termination.

The facts are not in dispute. Defendant offered a health insurance policy to its employes which included basic hospital, surgical and major medical benefits. Plaintiff contributed to and was covered by the plan. Under the plan, employes and their dependents were reimbursed for 100 percent of the charges for basic medical benefits with the exception that wives of male employes were reimbursed for pregnancy-related charges at the rate of 80 percent of the customary charges.[2] The employes benefit handbook states:

"Pregnancy for female employees is covered the same as any other illness under the program."

Under the plan an employe could not continue coverage after three months following termination. Benefits for dependents terminated at the same time as those for employes, except for pregnancy benefits for dependent spouses. The spouse of a male employe was covered for maternity expenses throughout her pregnancy, even if it extended for more than three months after her husband's termination. The handbook states:

---

[1] 42 USC §2000e-2 (a)(1) (1982) provides that it is an unlawful employment practice for an employer

"to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's * * * sex * * *."

ORS 659.030 provides that it is an unlawful employment practice for an employer

"because of * * * sex * * * to discriminate against [an] individual in compensation or in terms, conditions or privileges of employment."

[2] The provision of equal medical coverage to dependents and employes with the exception of reduced benefits for a pregnancy-related condition of spouses of male employes is exactly the disparity in benefits found unlawful in *Newport News Shipbuilding & Dry Dock v. EEOC*, 462 US 669, 103 S Ct 2622, 77 L Ed 2d 89 (1983). That aspect of employer's health plan, which is discriminatory against male employes, is not involved in this case.

"Maternity benefits apply only to a pregnancy which begins while the coverage is in effect. Benefits will be extended for nine months following the end of the month in which employment terminates to cover a pregnancy beginning while the coverage was in force."

Plaintiff participated in the three-month continuation of the medical plan and then sought medical benefits for her pregnancy from employer equal to those provided to wives of male employes under the plan. Employer rejected her claim. On March 19, 1982, plaintiff filed sex discrimination charges with the Oregon Bureau of Labor and the United States Equal Employment Opportunity Commission (EEOC). On August 19, 1982, the Bureau determined that there was substantial evidence of discrimination, but on January 18, 1983, it issued an amended determination, finding no substantial evidence of discrimination, and a "right to sue" letter. Plaintiff then brought this action, alleging discrimination because of sex under ORS 659.030(1)(b) and ORS 659.029 and under Title VII of the Civil Rights Act of 1964, 42 USC §2000 *et seq* and the Pregnancy Discrimination Act, 42 USC §2000e(k).

The parties filed cross-motions for summary judgment. The court denied plaintiff's motion and granted defendant's, ruling that defendant had violated neither Title VII nor the Oregon statute, and entered judgment for defendant. The cross-motions for summary judgment raise the same issue. Although denial of a motion for summary judgment ordinarily is not reviewable, the two motions simply urge opposite contentions on a point of law based on undisputed facts, and reversal of the court's order would result in affirmance of at least the legal basis for plaintiff's motion. Defendant cross-appeals, contending that the court erred when it denied its petition for attorney fees. On the appeal, we reverse; on the cross-appeal, we affirm.

Plaintiff argues that the package of benefits that a male employe receives is more advantageous than the package of benefits that a female employe receives, because a terminated male employee's pregnant spouse may receive pregnancy benefits beyond the three months continuation of the health plan but a terminated female employe may not. Defendant argues, on the other hand, that plaintiff received medical benefits for pregnancy identical to those benefits given to

male employes. Defendant relies on *Newport News Shipbuilding & Dry Dock v. EEOC, supra* n 2, and asserts that (1) benefits to a female employe may be different from those to a spouse of a male employe; and (2) plaintiff confuses discrimination between employes which the law forbids with discrimination between an employe and a non-employe spouse which, defendant asserts, the law allows.

In *General Electric Co. v. Gilbert,* 429 US 125, 97 S Ct 401, 50 L Ed 2d 343 (1976), the employer's disability plan specifically excluded pregnancy-related disability from coverage. Female employes were denied disability benefits under the company's disability plan when they were out of work due to pregnancy. The Supreme Court held that the pregnancy exclusion was not sex discrimination in violation of Title VII. To overrule that decision, Congress amended Title VII of the Civil Rights Act of 1964 and added the "Pregnancy Discrimination Act," reading:

> "The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e-2(h) of this title shall be interpreted to permit otherwise." 42 USC §2000e(k).

In 1977, the legislature enacted ORS 659.029, modeled on subsection (k). It provides:

> "For purposes of ORS 659.030, the phrase 'because of sex' includes, but is not limited to, because of pregnancy, childbirth and related medical conditions or occurrences. Women affected by pregnancy, childbirth or related medical conditions or occurrences shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefits programs, as other persons not so affected but similar in their ability or inability to work by reason of physical condition, and nothing in this section shall be interpreted to permit otherwise."

In *Newport News* the employer's health benefit plan provided the same hospitalization coverage for male and female employes for all medical conditions, except that it

provided less hospitalization coverage for pregnancy to the spouse of a male employe than it provided to a female employe. The Court stated that Title VII forbids discrimination in compensation, terms, conditions or privileges of employment *because of sex* and that that includes health insurance for spouses of employes. It described the disparity in the plan as follows:

> "[Employer's] plan provides limited pregnancy-related benefits for employees' wives, and affords more extensive coverage for employees' spouses for all other medical conditions requiring hospitalization. Thus the husbands of female employees receive a specified level of hospitalization coverage for all conditions; the wives of male employees receive such coverage except for pregnancy-related conditions." 462 US at 683. (Footnotes omitted.)

It concluded:

> "Under the proper test, petitioner's plan is unlawful, because the protection it affords to married male employees is less comprehensive than the protection it affords to married female employees." 462 US at 676.

The Court rejected the employer's contention that the prohibition of the law did not extend to discrimination against pregnant spouses of employes because the statute applies to discrimination in employment. The employer's plan discriminated against male *employes* because of sex, under 42 USC §2000e(k), because it

> "unlawfully gives male employees a benefit package for their dependents that is less inclusive than the dependency coverage provided to married female employees.
>
> "There is no merit to petitioner's argument that the prohibitions of Title VII do not extend to discrimination against pregnant spouses because the statute applies only to discrimination in employment. A two-step analysis demonstrates the fallacy in this contention. The Pregnancy Discrimination Act has now made clear that, for all Title VII purposes, discrimination based on a woman's pregnancy is, on its face, discrimination because of her sex. *And since the sex of the spouse is always the opposite of the sex of the employee, it follows inexorably that discrimination against female spouses in the provision of fringe benefits is also discrimination against male employees. Cf. Wengler* v. *Druggists Mutual Ins. Co.,* 446 U.S. 142, 147 (1980). By making clear that an employer could not discriminate on the basis of an employee's

pregnancy, Congress did not erase the original prohibition against discrimination on the basis of an employee's sex." 462 US at 684. (Emphasis supplied; footnote omitted.)

■■ We find that defendant's plan discriminates against plaintiff because of her sex, because the package of benefits she, as a married female employe, receives is *less* comprehensive than the package of benefits the married male employe receives. The latter's wife, if pregnant at the time of his discharge, is covered for medical costs associated with that pregnancy for which plaintiff, pregnant at the time of her discharge, is not covered. The disparity results because defendant's plan *explicitly* treats pregnancy of the male employe's spouse differently from all other medical risks, including the risk of the female employe's pregnancy, which is covered only for three months after discharge. The employer's plan, therefore, gives married male employes a package of medical benefits that is more favorable than the package of medical benefits provided to married female employes. It singles out pregnancy as a covered risk in a manner that adversely affects female employes as against male employes and, therefore, discriminates against female employes because of sex under Title VII. *See Newport News Shipbuilding. & Dry Dock v. EEOC, supra,* 462 US at 685 n 26.[3]

---

[3] Defendant argues that we should not compare total benefit packages. It relies on note 25 in the Court's opinion, which reads:

"This reasoning does not require that a medical insurance plan treat the pregnancies of employees' wives the same as the pregnancies of female employees. For example, as the EEOC recognizes, * * * an employer might provide full coverage for employees and no coverage at all for dependents. Similarly, a disability plan covering employees' children may exclude or limit maternity benefits. Although the distinction between pregnancy and other conditions is, according to the 1978 Act, discrimination 'on the basis of sex,' the exclusion affects male and female *employees* equally since both may have pregnant dependent daughters. The EEOC's guidelines permit differential treatment of the pregnancies of dependents who are not spouses." 462 US at 684. (Emphasis in original.)

We read that note to state that an employer's health plan may treat the pregnancy of a male employe's spouse differently from the pregnancy of a female employe only if the disparity results from a gender-neutral difference in the terms of coverages. For example, if an employer does not provide any medical coverage to spouses of employees, it need not provide for the risk of pregnancy of spouses. It is in this sense only that a plan may treat the pregnancy of an employe's spouse differently from the pregnancy of an employe. The note also states that medical risks based on pregnancy of dependents can be treated differently if the dependents covered are not spouses because that difference affects male and female employes equally. Both male and female employees, for example, can have pregnant daughters. The note, however, does *not* state that we

Furthermore, an EEOC regulation clearly supports the conclusion that Title VII prohibits such discrimination. 29 CFR §1604.9(d) (1985) provides:

"It shall be an unlawful employment practice for an employer to make available benefits for the wives and families of male employees where the same benefits are not made available for the husbands and families of female employees; *or to make available benefits for the wives of male employees which are not made available for female employees;* or to make available benefits to the husbands of female employees which are not made available for male employees. An example of such an unlawful employment practice is a situation in which wives of male employees receive maternity benefits while female employees receive no such benefits." (Emphasis supplied.)

That regulation, issued in 1975, predates the Pregnancy Discrimination Act, the regulations issued to implement it, 29 CFR §1604.10 (1985), and the decision in *Newport News.* Defendant argues that it is "outdated." We disagree. EEOC has not modified or withdrawn it; it is still in effect. Moreover, it does not conflict with later regulations and is consistent with *Newport News.* Indeed, the Supreme Court cited this regulation, seemingly with approval, in *Newport News,* 462 US at 682 n 22. Accordingly, we hold that plaintiff is entitled to recover under Title VII.[4]

The dissent offers an alternative analysis of *Newport News.* It claims that the critical comparison is not between the relative benefit packages available to male and female employes, but rather between the relative benefits available to male and female dependent spouses. Although the dissent recognizes that defendant's plan discriminates, it also argues that, because the discrimination is primarily against the male

should not compare medical benefit packages of *employes and their spouses* when, as here, (1) the employes are of different sexes, (2) the medical plan does cover medical risks of the employes *and* their spouses and (3) the medical plan explicitly covers a medical risk of pregnancy differently for one set of the spouses than for the other. Indeed, *Newport News* made just such a comparison of packages.

[4] The legislative history of the Pregnancy Discrimination Act supports plaintiff's claim. The purpose of the act is to prohibit any discrimination on the basis of sex and pregnancy and to protect female employes against all forms of sex discrimination. Congress enacted the act to overrule *General Electric Co. v. Gilbert, supra,* and to return to previously established Title VII principles, one of which is set out in 29 CFR §1604.9(d). *See* S. Rep No. 331, 95th Cong., 1st Sess. 2, 5-6 (1977).

spouse of the female employe, the remedy sought by plaintiff is improper. Neither the court's reasoning in *Newport News* nor the language of that opinion supports the dissent's position. It is also inconsistent with Title VII, which only addresses discrimination against employes: male spouses have no remedy independent of the female employe's remedy for an inequitable benefit package. Finally, the dissent's analysis insulates the discrimination here, which the dissent concedes exists, from any *effective* redress. Certainly the proper remedy cannot be to give pregnancy benefits to dependent husbands. The alternative "remedy," under the dissent's analysis, is to take pregnancy benefits away from dependent wives, which contradicts a principal purpose of the Pregnancy Discrimination Act and leaves substantial doubt that anyone would have an interest in enforcing such a "remedy."

We also do not accept the dissent's application of our analysis to the hypothetical situation where an employer offers full benefits, including pregnancy benefits, to employes and no benefits to dependents. Contrary to the dissent's assertion, such a plan under our analysis would not be discriminatory, even though female employes receive a package which includes pregnancy benefits which male employes do not receive. As explained in n 3, *supra,* when the difference in benefit packages offered male and female employes results from a *gender neutral* difference in the terms of coverage between employes and dependents, a benefit plan would not be discriminatory.[5]

■ We also hold that plaintiff is entitled to recover under ORS 659.029 and ORS 659.030. We take into account the relevant federal law and its legislative history. *See School District No. 1 v. Nilsen,* 271 Or 461, 534 P2d 1135 (1975). The parties agree that ORS 659.029 and ORS 659.030 should be interpreted in the same way as Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act. It is an unlawful employment practice under the Oregon statutes, as it is under Title VII, to make available pregnancy benefits for the wives of male employes which are not available for female

---

[5] Similarly, there is no discrimination in the situation set out in "question 22" quoted in the dissent, 80 Or App at 302, because the difference in coverage is gender neutral.

employes. The trial court erred in granting summary judgment for defendant and in denying summary judgment for plaintiff.

Defendant's cross-appeal is without merit.

On the appeal, reversed and remanded with instructions to enter judgment for plaintiff; on the cross-appeal, affirmed.

**RICHARDSON, P. J.,** dissenting.

The majority concludes that employer's health plan violates Title VII of the Civil Rights Act of 1964, 42 USC § 2000 *et seq,* and ORS 659.030, because the plan provides less medical coverage for a female employe's pregnancy than it provides for the pregnancy of a male employe's wife. I conclude that, on its face, employer's health plan violates those statutes in two respects, but not in the respect alleged by plaintiff and found by the majority. I therefore would affirm the judgment.

The majority considers *Newport News Shipbuilding & Dry Dock v. EEOC,* 462 US 669, 684-85, 103 S Ct 2622, 77 L Ed 2d 89 (1983), to be the seminal opinion respecting the Pregnancy Discrimination Act. Although I agree that that case is the genesis of current thought on the role pregnancy-related benefits play in employment discrimination, the majority's neatly packaged analysis is born of a misconception of the court's analysis. The majority here describes the factual predicate of the issue in that case as follows:

> "In *Newport News* the employer's health benefit plan provided the same hospitalization coverage for male and female employes for all medical conditions, except that it provided less hospitalization coverage for pregnancy to the spouse of a male employe than it provided to a *female employe. * * *"* 80 Or App at 290-91. (Emphasis supplied.)

The portion of the quote that I have emphasized is factually correct, but it is a fact that is immaterial to the holding or analysis in *Newport News.* The comparison the court made in *Newport News* was not between wives and female employes but between *wives* and *husbands* of employes.

Because *Newport News* looms so large in the decision of this case, it is important to have a complete and accurate

understanding of that precedent. The court granted *certiorari* to resolve a conflict among the United States Courts of Appeal regarding the proper application of the Pregnancy Discrimination Act. *Compare Newport News Shipbuilding, Etc. v. E. E. O. C.,* 667 F2d 448 (4th Cir 1982) *with E. E. O. C. v. Lockheed Missiles & Space Co., Inc.,* 680 F2d 1243 (9th Cir 1982). The issue posed by those conflicting opinions was whether the Pregnancy Discrimination Act applied by its terms or intent to other than employes. There could be little dispute in the two cases that, as between spouses of employes, there were disparate medical benefits "because of sex" as that phrase is defined in the Pregnancy Discrimination Act. The employers argued that Congress had adopted the Act specifically to redress discrimination against female employes because of pregnancy; because spouses are not employes, they argued, there was no violation of Title VII of the Civil Rights Act. The task of the Supreme Court was to determine if there was unlawful discrimination based on sex among employes when the factual discrimination existed between similarly situated dependent recipients of health benefits.

In beginning the analysis of the problem, the Supreme Court noted that discrimination in compensation and terms of employment could include discrimination in provisions of health care benefits. The Court also noted —what must now be a truism—that male as well as female employes are protected against discrimination. As an example of what the Court considered to be the appropriate analysis it said:

"* * * [I]f a private employer were to provide complete health insurance coverage for the *dependents* of its female employees, and no coverage at all for the *dependents* of its male employees, it would violate Title VII. * * *" 462 US at 682. (Emphasis supplied.)

The plan in that example, the Court said, would be in violation of the law, because it would treat a male employe with *dependents* in a manner which, but for that person's sex, would be different. The Court then said:

"Petitioner's practice is just as unlawful. Its plan provides limited pregnancy-related benefits for employees' wives, and affords more extensive coverage for employees' spouses for all other medical conditions requiring hospitalization. Thus the husbands of female employees receive a specified level of

hospitalization coverage for all conditions; the wives of male employees receive such coverage except for pregnancy-related conditions. * * *" 462 US at 683-84.

As is clear throughout the opinion in *Newport News,* the Court found a defect in benefits by comparing the benefits accorded to similarly situated recipients—spouses of employes. Pregnancy conditions were treated less favorably than other medical conditions for dependent spouses; under the Pregnancy Discrimination Act, that was on its face discriminatory against wives. In order, however, to determine if that type of discrimination was a violation of Title VII, *i.e.,* discrimination against an *employe* because of sex, the Court followed a two step analysis. Discrimination against an employe's wife in health benefits "because of sex" as described in the Pregnancy Discrimination Act is discrimination in employment against the married male employe because the sex of the spouse is always the opposite of the sex of the employe—at least as marriages are traditionally constructed and described. Although the married male employe was not directly disfavored, the derivative discrimination found by the court existed because dependent benefits are part of the overall compensation of the employe. The two step analysis was summarized by the Court:

"* * * Thus petitioner's plan unlawfully gives married male employees a benefit package for their dependents that is less inclusive than the dependency coverage provided to married female employees." 462 US at 684.

In the final paragraph of the court's opinion, it reiterated the basis of comparison in determining that there was discrimination in employment:

"In short, Congress' rejection of the premises of *General Electric Co. v. Gilbert* [429 US 125, 97 S Ct 401, 50 L Ed 2d 343 (1976)] forecloses any claim that an insurance program excluding pregnancy coverage for female beneficiaries and providing complete coverage to similarly situated male beneficiaries does not discriminate on the basis of sex. * * *" 462 US at 685.

I have over emphasized the basis of comparison and laboriously quoted excerpts from the Supreme Court's analysis to demonstrate the appropriate construction of the "benefit package" to be utilized in employment discrimination cases. We must first determine if there is disparate treatment

in providing employment-related benefits to similarly situated recipients based on sex. If so, the next step is to determine whether the impact of that sex-based discrimination between dependents falls only on male or on female employes.[1]

In the case under review, there is no dispute as to the facts. I join issue with the majority in the way those facts are characterized and jumbled as they are put into the "package." Employer's health insurance plan provided 100 percent coverage for all employes and their dependents with the exception that wives of married male employes were reimbursed for only 80 percent of the charges for pregnancy-related conditions. At this juncture of the factual recitation, the majority and I agree that the plan is in violation of Title VII and ORS 659.030, because it contains the exact discriminatory impact on male employes that was addressed in *Newport News.* I also agree with the majority that, because that violation is not raised, we need not address it or design a redress for it.

Regarding medical benefit coverage for employes as opposed to dependents, the health plan description in the employe's handbook states:

"Pregnancy for female employes is covered the same as any other illness under the program."

The medical benefits for employes under the program normally terminated when the employment terminated. For employes who were on temporary lay off, the medical coverage continued for three months at the cost of $10 per month paid by the employe. Although the description of the plan in the record does not specifically so state, I presume that benefits for dependents were terminated and extended on the same basis as those for employes. The exception, which underlies plaintiff's claim, is that pregnancy-related benefits for dependents extend beyond termination of employment or extension of benefits. Consequently, when employes are laid off, a pregnant female employe receives less extensive pregnancy-

---

[1] For example, if the employer's health plan provided pregnancy, but no other health benefits to the children of employes, there would be disparate treatment as between male and female children. However, there is no employment discrimination because both male and female employes can have daughters who benefit from this special treatment. In other words, the impact of the disparity falls equally on male and female employes.

related benefits than the pregnant wife of a male employe who is likewise on temporary lay off.

In response to these facts and to the teaching of *Newport News,* the majority again uses a correct but irrelevant fact. It says:

> "We find that defendant's plan discriminates against plaintiff because of her sex, because the package of benefits she, as a married female employe, receives is *less* comprehensive than the package of benefits the married male employe receives. * * *" 80 Or App at 292. (Emphasis in original.)

It is correct that, when properly analyzed, the benefit plan at the time of lay-off provides less extensive coverage to *married* female employes than to married male employes. However, that *married* female employes receive fewer total benefits is not material to the majority's solution—whether plaintiff is married and thus her husband is entitled to benefits adds nothing to her claim that she receives fewer benefits for a gender specific hospitalization than the spouse of her male counterpart. Although it may be socially desirable that she be married while pregnant, it is not biologically necessary. She is accorded the benefits for her personal health needs whether or not she is married and has a spouse covered by the employer's plan. Pursuant to the plan, plaintiff, as an employe, receives the same benefits for medical conditions as all other employes whether male or female.

The majority's interpretation of the benefit package analysis used by the Supreme Court in *Newport News* focuses on the concept of a total benefit package while obscuring the contents of the package. The majority over simplifies the analysis by constructing a package of benefits that simply lumps all health care entitlement of an employe and dependents together and compares the totality of benefits between married male and married female employes. It concludes that, if there is a disparity and the disparity is described in terms of pregnancy, the plan discrepancy is gender based and is discriminatory.

I agree that the plan is discriminatory and in violation of both the state and federal statutes, but not for the reasons the majority identifies. If the benefit package is reviewed as the Court did in *Newport News,* there is, at the time of a temporary lay-off, a gender-based discrimination

against female employes. As indicated, when employes are laid off the medical plan covers them and their dependents for only three months. However, female dependent spouses receive pregnancy benefits beyond the three-month limitation. Thus, when the benefits for *dependent spouses* are compared, female spouses receive greater benefits. This part of the plan is the mirror image of the benefit package problem in *Newport News.* The disparity in benefits is between spouses, is based on pregnancy and is discriminatory. Because the plan discriminates against a male spouse, the discriminatory impact falls on the female employe who is the wife of the disfavored dependent and is thus discrimination in compensation of an employe. Plaintiff does not argue that the plan is unlawful in this respect or seek redress in terms of benefits for male spouses equal to those provided to female spouses. What plaintiff seeks, and what the majority awards, is not a proper redress for the unlawful features of defendant's employment compensation plan.

The majority arrives at its conclusion and award by depending in large part on *Newport News,* but it does not faithfully follow the analysis of the Supreme Court. As I have already discussed, the Court followed a two-step analysis in order to get from comparison of dependent benefits to discrimination against an employe in compensation. The Court compared benefits accorded to dependent spouses and found discrimination based on sex against one gender of dependent. That discrimination was then related to employment, because it had an impact on only one gender of employe. Here, the majority does not make the initial comparison correctly. It compares the pregnancy-related benefits of the female employe with the pregnancy-related benefits of the female dependent spouse. As between two females receiving medical coverage, it is difficult to find a gender-based disparity. If, hypothetically, the wives and husbands of employes on temporary lay-off receive identical benefits, including for pregnancy-related conditions of female spouses, while employes receive fewer benefits whether male or female, it would be difficult to contend that female employes are discriminated against because they receive fewer pregnancy-related benefits than the spouses of the male employes. Both of the benefit packages are the same, *i.e.,* employes receive equal benefits

and dependent spouses receive equal benefits. The only difference between the plan I hypothesized and the plan under review is that husbands of female employes receive fewer benefits than wives of male employes. The deficit in the plan can be made up by according equal benefits to the dependent husband, not by according pregnancy benefits to the female employe.

As defendant points out, the Supreme Court in *Newport News* indicated that a total benefit package analysis which compared benefits of employes with those of employe spouses was not appropriate. The Court, after stating

"* * * that discrimination against female spouses in the provision of fringe benefits is also discrimination against male employees * * *"

said in footnote 25:

"This reasoning does not require that a medical insurance plan treat the pregnancies of employees' wives the same as the pregnancies of female employees. For example, as the EEOC recognizes [44 Fed Reg 23804, 23805, 23807 (1979)] * * *, [a]n employer might provide full coverage for employees and no coverage at all for dependents. * * *" 462 US at 684.

The converse of the benefit package postulated in the footnote would also appear to be nondiscriminatory. If, for example, spouses of employes are provided full and equal benefits, including for pregnancy, while both male and female employes are provided no benefits, there would be no unlawful employment discrimination, even though female employes receive no pregnancy benefits while spouses of male employes do.

The majority concludes that the analysis of the Court in footnote 25 means that a health plan may treat the pregnancy of a male employe's spouse differently than the pregnancy of a female employe only if the difference results from a gender-neutral disparity in terms of coverage. For example, the majority postulates (*see* 80 Or App at 292, n 3) that, if an employe does not provide any medical coverage to spouses of employes, it need not provide for the risk of pregnancy of spouses. It is in this sense, the majority says, that a plan may treat the pregnancy of a female spouse differently from the pregnancy of an employe. However, the gender-neutral aspect of the hypothesized plan is in the comparison of similarly situated recipients, *i.e.,* spouses.

The EEOC interpretive guidelines promulgated following enactment of the Pregnancy Discrimination Act lend little support to the majority's interpretation of footnote 25. These interpretive guidelines are reflected in a series of questions and answers. Question 22 reads:

"Q. Must an employer provide the same level of health insurance coverage for the pregnancy-related medical conditions of the spouses of male employees as it provides for its female employees?

"A. No. It is not necessary to provide the same level of coverage for the pregnancy-related medical conditions of spouses of male employees as for female employees. However, where the employer provides coverage for the medical conditions of the spouses of its employees, then the level of coverage for pregnancy-related medical conditions of the spouses of male employees must be the same as the level of coverage for all other medical conditions of the spouses of female employees. For example, if the employer covers employees for 100 percent of reasonable and customary expenses sustained for a medical condition, but only covers dependent spouses for 50 percent of reasonable and customary expenses for their medical conditions, the pregnancy-related expenses of the male employee's spouse must be covered at the 50 percent level." 44 Fed Reg at 23807-23808.

The Supreme Court saw no discrimination in the situation set out in footnote 25 and in EEOC's interpretive question and answer format. The thrust of the EEOC interpretation as well as that of the Supreme Court was based on equalization of benefits between similarly situated fringe benefit recipients.

If we follow the majority's family benefit package analysis and apply it to the hypothetical benefit plan in footnote 25 and the EEOC guidelines, there would be gender-based disparity and *per se* discrimination. To illustrate: If a female employe is pregnant and entitled to full medical benefits equal to male employes, there is no discrimination. If the wife of a male employe receives no pregnancy-related medical benefits because there are no dependency benefits in the employe benefit package while a female employe receives full coverage, including for pregnancy, the male employes' benefit package on a family basis is less. The difference when the risk of pregnancy is considered is gender-based and disfavors male employes. The majority's analysis of this

particular problem would find discrimination based on sex. Obviously, the Supreme Court's analysis would not lead to that result.

Although the ramifications of the majority's holding regarding defendant's health care plan are not subject to review in this action, an assessment of them may illustrate the defects in the majority opinion. If, as the majority concludes, female employes are entitled to pregnancy-related medical benefits at least equal to those provided the male employes' spouses, then as between female employes and male employes the male employe receives fewer benefits for general medical conditions. At lay-off, the male employe receives three-month coverage for all conditions while the female employe would, under this opinion, receive greater benefits based on gender. If that defect were redressed, then the female employe could complain that, under the majority's analysis, her husband would receive fewer benefits because he was a husband than the male employe or the female spouse. The final result to keep faith with the majority's conclusions respecting employment discrimination would be a substantial extension of employe benefits to employes and dependents alike beyond the lay off period. Defendant will be surprised to learn what it must do to comply with the federal and state acts.

The majority offers an alternative solution based on a 1975 EEOC interpretative regulation. That regulation was issued in 1975 before the Pregnancy Discrimination Act and the decisions in *General Electric Co. v. Gilbert,* 429 US 125, 97 S Ct 401, 50 L Ed 2d 343 (1976), and *Newport News.* It is not consistent with the analysis regarding employe benefits of either *Newport News* or the EEOC guidelines promulgated after the adoption of the Pregnancy Discrimination Act. Although the 1975 regulation appears on its face to require the relief that plaintiff requests, the tenor of later EEOC pronouncements is equality of benefits or at least gender-neutral disparity in benefits between similarly situated recipients. The 1975 regulation was issued at a time when it was not clear whether pregnancy-related medical conditions were required to be covered equally with other medical conditions. Consequently, although the employer would have been required to give male and female employes equal medical coverage, it was not unlawful to exclude pregnancy-related conditions in the female employe's plan. The regulation does not speak to

requiring pregnancy-related benefits but only to equality of benefits. It also says that it would be unlawful "to make available benefits to the husbands of female employes which are not made available to male employes." This is not consistent with later EEOC guidelines, which indicate that it is not necessary to provide any dependent spouse benefits as long as all spouses are treated the same. I accord little weight to the 1975 interpretative regulation in the light of the later case and EEOC interpretations.

I would affirm the judgment and therefore dissent.